NOTICE
Decision filed 09/24/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231268-U

NO. 5-23-1268

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CM-184 |
| | ) | |
| DONTRAIL E. EMERY, | ) | Honorable |
| | ) | Matthew D. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the defendant's conviction where the evidence was sufficient to find that the defendant's actions were a material impediment of police officers.

¶ 2    The defendant, Dontrail E. Emery, was convicted of one count of obstructing a peace officer, and he was sentenced to 12 months of conditional discharge and 100 hours of community service. On appeal, the defendant claims there was insufficient evidence to convict the defendant of obstruction of a peace officer.

¶ 3                    I. BACKGROUND

¶ 4    We only recite the facts necessary to our disposition. On May 8, 2023, the State charged the defendant by information with one count of resisting a peace officer under section 31-1(a-5) of the Criminal Code of 2012 (720 ILCS 5/31-1(a-5) (West 2022)). The information alleged that

1

that the defendant obstructed the performance of Officer Christian Wade during an authorized act within his official capacity, namely during his investigation of a domestic battery. Further, the information alleged that the defendant, knowing that Officer Wade was a peace officer, tried to prevent Celina Carter-Blue from speaking to officers.

¶ 5    During the defendant's bench trial, the State called both Officer Christian Wade and Officer Corey Pankow to testify. Officer Wade testified that on May 5, 2023, at 11:15 p.m., he and Officer Corey Pankow responded to a report of a stabbing at an apartment complex located near the 1700 block of Melrose Village Circle in Urbana, Illinois. When the officers arrived at the apartment complex, they found the defendant and Celina Carter-Blue in the hallway outside of their apartment unit. Carter had sustained minor cuts on her forearm and hands, and the defendant had blood on his pants. Officer Pankow testified that when he and Officer Wade initially made contact with the defendant and Carter, the defendant tried to stop Carter from speaking with them. The defendant wrapped his arms around Carter's waist and began to pull her into the apartment unit. During the encounter, the defendant stated that they were fine and that they did not need to speak with the police officers. However, Carter was able to get free and step outside of the apartment unit to speak with Officer Wade. The duration of the defendant's attempt to stop Carter from speaking with officers was approximately one minute.

¶ 6    Both officers testified that during the conversation between Officer Wade and Carter, the defendant became increasingly agitated. The defendant attempted to close the door on Officer Pankow, while stating that Pankow did not have a right to be inside his apartment. After further argument and increased agitation by the defendant, Pankow placed the defendant in handcuffs. The officers arrested the defendant and read him his *Miranda* rights. The entire encounter lasted approximately five minutes. The entirety of the officer's engagement with the defendant was

2

captured on Officer Wade's body camera. The video was admitted into evidence and played for the court.

¶ 7    After the State rested, defense counsel moved for a directed verdict. Defense counsel argued that there was insufficient evidence to convict the defendant of obstruction of a peace officer because Carter was only prevented from speaking with the officers for roughly 40 seconds. The trial court denied defense counsel's motion. The trial court stated that the testimony by the officers and the evidence, particularly the body camera video, indicated that the defendant was active in preventing Officer Wade from having a meaningful conversation with Carter and that the defendant was extremely animated. The trial court also noted that the defendant would not heed the warnings by Officer Pankow to stand down before being arrested. The defendant elected not to testify and did not present any evidence in his defense.

¶ 8    After closing arguments, the trial court announced the court's findings from the bench. The court found that the defendant's actions materially impeded the officer's investigation and that the State presented sufficient evidence to prove the defendant guilty of obstructing a peace officer beyond a reasonable doubt. In its ruling, the trial court stated that throughout the encounter the defendant was very animated and refused to stop yelling with the intent of preventing the officers from speaking with Ms. Carter. Additionally, the trial court found that the duration of the impediment would have continued if not for the arrest of the defendant by police officers.

¶ 9    On December 1, 2023, the defendant filed a motion for new trial. In his motion the defendant alleged that there was insufficient evidence to prove that his behavior constituted a material impediment to the officer's investigation. The trial court denied the defendant's motion for a new trial and proceeded with sentencing on the same day. The defendant submitted a letter of support from his ex-wife and from Ms. Carter. After considering the factors in aggravation and

3

mitigation, the trial court sentenced the defendant to 12 months of conditional discharge and 100 hours of community service. The defendant filed a timely notice of appeal.

¶ 10                                         II. ANALYSIS

¶ 11      On appeal, the defendant contends that the State failed to prove him guilty of obstructing a peace officer beyond a reasonable doubt. The defendant argues that the State failed to prove that the defendant's actions materially impeded the officer's performance of an authorized act.

¶ 12      When presented with a challenge to the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31; *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In making this determination, all reasonable inferences from the evidence must be drawn in favor of the prosecution. *Baskerville*, 2012 IL 111056, ¶ 31. It is not the role of the reviewing court to retry the defendant. *People v. Gray*, 2017 IL 129958, ¶ 35. It is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. *Gray*, 2017 IL 129958, ¶ 35. Accordingly, a reviewing court will not substitute its judgment for the trier of fact on questions involving the credibility of the witnesses or the weight of the evidence. *Gray*, 2017 IL 129958, ¶ 35. A defendant's conviction will not be overturned for insufficient evidence unless the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *Gray*, 2017 IL 129958, ¶ 35.

¶ 13      To establish the offense of obstruction of a peace officer, the State must prove that a defendant "knowingly: (1) resist[ed] arrest, or (2) obstruct[ed] the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized

4

act within his or her official capacity." 720 ILCS 5/31-1(a) (West 2022). The element relevant to the case before us is "(2) obstruct[ed] the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act." 720 ILCS 5/31-1(a)(2) (West 2022).

¶ 14 Here, the defendant initially contends that his conduct did not qualify as obstruction under the statute because his conduct did not materially impede the officer's investigation. The offense of obstructing a peace officer requires a showing of a material impediment. *People v. Sadder-Bey*, 2023 IL App (1st) 190027, ¶ 35. Futhermore, "[t]he legislative focus of section 31-1(a) is on the tendency of the conduct to interpose an obstacle that impedes or hinders the officer in the performance of his authorized duties. That inquiry is for the trier of fact, based upon the facts and circumstances of each case." *Baskerville*, 2012 IL 111056, ¶ 23.

¶ 15 The record shows that the trial court reviewed the body camera footage in its determination that the defendant's conduct was a material impediment to the officer's investigation. At trial, Officer Wade testified that he was unable to have a meaningful conversation at the point of the defendant's attempt to limit Carter's engagement with police. The video showed the defendant putting his arm around the waist of Carter as Officer Wade was attempting to speak with Carter. The trial court noted that the defendant appeared to become increasingly agitated as he engaged with the officers. Based on the testimony of the officers and the video evidence, the trial court concluded that the defendant's conduct materially impeded the officer in the course of his duties.

¶ 16 A reviewing court will not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses. *People v. Jones*, 2023 IL 127810, ¶ 28. Additionally, to overturn a criminal conviction the evidence must be "so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's

5

guilt." *Jones*, 2023 IL 127810, ¶ 28. After thoroughly reviewing the record, we find that the evidence is sufficient to support the trial court's judgment and that the evidence was not so unreasonable, improbable, or unsatisfactory as to establish reasonable doubt as to defendant's guilt. The obstruction element was satisfied as the State's evidence proved the defendant materially impeded the officers in their official authorized duties.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the trial court's judgment.


¶ 19    Affirmed.